## Hamilton Liquor License

*Mitchell Jenkins*, for appellant.

*Clement J. Reap*, for Pennsylvania Liquor Control Board.

LEWIS, J., July 2, 1956.—This is an appeal from an order of the Pennsylvania Liquor Control Board revoking restaurant liquor license no. R13004 issued to John A. Hamilton for premises situate at no. 110 East Poplar Street, West Nanticoke, Plymouth Township, Luzerne County.

The revocation was made in an opinion of the board in which the board found the following facts:

"1. At No. 268, September Sessions, 1954, in the Court of Quarter Sessions of the County of Luzerne, Pennsylvania, the licensee was adjudged guilty on the charge of V. A. L. (Intoxication) and sentenced to pay a fine of $100 and the costs of prosecution.

"2. The licensee, his servants, agents or employes sold, furnished and/or gave liquor and/or malt or brewed beverages to guests or patrons on the following Sundays, July 24 and 31, 1955.

"3. The licensee, his servants, agents or employes permitted dancing on the licensed premises on days or during hours when the sale of liquor and/or malt or brewed beverages was prohibited, on July 31, 1955.

"4. The licensed establishment operated by the licensee was conducted in a noisy manner on July 31, 1955."

Upon presentation of a petition, an appeal was allowed by the court.

Hearings on the appeal were held on February 15, 1956, and April 13, 1956. Thereafter exhibits were completed for the record, the testimony was transcribed, and on June 1, 1956, a brief was submitted on behalf of the Pennsylvania Liquor Control Board in reply to a brief previously filed by appellant. After carefully examining the record of testimony taken on the appeal, we are satisfied that facts numbered 2, 3 and 4 set forth above, have been substantiated.

The citation upon which petitioner's license was

revoked is dated August 31, 1955. Petitioner's license was issued to him on August 1, 1955. It appears in the record that on June 27, 1955, prior to the issuance of the license, the board was aware of petitioner's arrest on a charge of driving while intoxicated, since, on said date, the board returned to petitioner's attorney the form submitted for renewal of his license. Part of the letter of the board returning the form reads as follows:

"We regret that it is necessary to return the renewal form. At 11 on the form it is indicated that no arrests have been incurred since the current license was issued, however, *our records indicate that your client was arrested on August 3, 1954*, and it will therefore be necessary that information concerning this arrest be shown at 11 on the form before it is returned." (Italics supplied.)

An examination of the form for renewal of a retail liquor license indicates that item 11 thereon requires not only information as to arrests since the issuance of the license, but goes further in requiring that dates, charges, and disposition be given. It therefore becomes apparent that, prior to the renewal of the license, the Liquor Control Board had full information as to the conviction of petitioner on September 21, 1954, pursuant to the arrest previously made.

If the board considered the conviction on September 21, 1954, of sufficient importance, it could have proceeded to suspend or revoke the current license, which did not expire until July 3, 1955. However, notwithstanding the information in their possession, they proceeded to issue the renewal license on August 1, 1955. Now they seek to use the previous conviction as a reason for revocation of that license. We cannot countenance such action as being in accordance with established law. Violations of the law which justify disciplinary action on the part of the Liquor Control

Board must be acted upon prior to the issuance of a new license: See Appeal of License Issued to Clouston, 6 Fayette 108.

There is yet another reason why we feel that we cannot consider the fact of petitioner's conviction on a charge of intoxication in our ultimate decision on this appeal.

The Liquor Code of April 12, 1951, P. L. 90, article IV, sec. 471, provides inter alia, as follows:

"Upon learning of any violation of this Act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws, of any violation of any laws of this Commonwealth or of the United States of America relating to the tax-payment of liquor or malt or brewed beverages by any licensee within the scope of this article, his officers, servants, agents or employes, or upon any other sufficient cause shown, *the board may, within one year from the date of such violation or cause appearing, cite such licensee to appear before it or its examiner*, not less than ten nor more than fifteen days from the date of sending such licensee, by registered mail, a notice addressed to him at his licensed premises, to show cause why such license should not be suspended or revoked." (Italics supplied.)

The record discloses that petitioner was arrested on a charge of driving while intoxicated on August 3, 1954, and was adjudged guilty on September 21, 1954. The citation upon which the present revocation is based is dated August 31, 1955. However, the record further discloses that no notice of the "issuance" of the citation was sent to petitioner until September 23, 1955, one year and two days following the conviction. Petitioner claims never to have received such notice, but we consider this of no moment inasmuch as it was addressed to him at his licensed premises in accord-

ance with the provisions of the statute. We do, how-ever, consider it of extreme importance that no notice was sent out by the Liquor Control Board until two days after the expiration of one year from the date of petitioner's conviction on the charge which the board now seeks to use as one of the reasons for revocation.

The act requires that, within one year from the date of the violation or cause appearing, the licensee may be *cited* by the board *"to appear before it or its ex-aminer."* (Italics supplied). We feel that the inclu-sion of a one year limitation within the terms of the statute was intended to eliminate uncertainties which might arise, and to prevent prejudicing the licensee, where citations might be issued for causes far removed by time from the hearing date. The board takes the position that the provisions of the statute have been adhered to in the present case since the citation was "issued" within the period of limitations even though not mailed to the licensee until 23 days later, two days beyond the one year period of limitations. We cannot concur in that view. "Cite" is defined in Black's Law Dictionary as: "To summon; to command the presence of a person; to notify a person of legal proceedings against him and require his appearance thereto": Black's Law Dictionary, Third Edition. Clearly, then, the word, as defined, presupposes notice. Moreover, any doubt as to its meaning as used in the statute would seemingly be dissipated by an examination of its terms. The statute reads: ". . . the board may . . . *cite* such licensee *to appear before it or its examiner* . . ."  (Italics supplied.)

Surely it is folly to argue that one may effectively be required to appear, merely by the dating of an instrument, i.e., without being notified to appear. If the date appearing on the citation were the deciding factor, would not a notice be effective if sent two, four or six months after the year expired, so long as the

date of the citation was within the one year period of limitations?

The legislature, by including within the terms of the statute a definite period of limitations, created a certain guide. We would not presume to make of it an uncertainty. We, therefore, hold that a notice sent on September 23, 1955, one year and two days following petitioner's conviction on a charge of driving while intoxicated, was too late for the board to have considered the conviction as a cause for the revocation of the license. Accordingly, we find:

1. The licensee, his servants, agents or employes sold, furnished and/or gave liquor and/or malt or brewed beverages to guests or patrons on the following Sundays, July 24 and 31, 1955.

2. The licensee, his servants, agents or employes permitted dancing on the licensed premises on days or during hours when the sale of liquor and/or malt or brewed beverages was prohibited, on July 31, 1955.

3. The licensed establishment operated by the licensee was conducted in a noisy manner on July 31, 1955.

The hearing by the court on appeal is de novo. We must, therefore, further consider that the citation upon which the revocation was based required the licensee to show cause why the said license and amusement permit should not be revoked. In its order dated December 22, 1955, the Pennsylvania Liquor Control Board revoked the restaurant liquor license no. R13004 issued to John A. Hamilton for premises no. 110 East Poplar Street, in Plymouth Township, County of Luzerne. The order made no disposition with respect to amusement permit no. AP5534.

In view of our disposition with respect to the board's findings of fact, and in consideration of the fact that two of the violations were particularly applicable and pertinent to the amusement permit, we are of the

opinion that the amusement permit should be revoked. We feel, however, having eliminated consideration of the conviction of September 21, 1954, which we cannot consider under the law, that a revocation of the liquor license is unduly harsh, and does not accord with or follow from the facts as we have found them.

This business establishment has already been closed for over four months under an agreement with the court, entered into at the first hearing on the appeal, to wit, February 15, 1956. We believe an additional suspension of four months, a penalty which actually is equivalent to an eight months suspension, is sufficiently severe for the violations charged on July 24, 1955, and July 31, 1955. This is particularly so in view of our intention to revoke the amusement permit, which will eliminate one of the real causes of complaint against the licensee.

Accordingly, we enter the following

### Order

Now, therefore, July 2, 1956, 3 p.m., the order of the Pennsylvania Liquor Control Board, dated December 22, 1955, revoking the restaurant liquor license of John A. Hamilton, for premises at 110 East Poplar Street, West Nanticoke, is hereby modified. The amusement permit no. AP5534 is hereby revoked, and the restaurant liquor license no. R13004 is hereby suspended for a period of 120 days, effective July 10, 1956.